# In the United States Court of Federal Claims

No. 12-305C

(Filed: September 8, 2015)

| | | |
|---|---|---|
| ************************************* | * | |
| VANGUARD CONSTRUCTION, INC., | * | |
| | * | Construction Contract Dispute; |
| Plaintiff, | * | Whether Default Termination is |
| | * | Excusable; Government Duty to |
| v. | * | Provide Reasonable Clarification |
| | * | Upon Request; Existence of Material |
| THE UNITED STATES, | * | Fact Issues. |
| | * | |
| Defendant. | * | |
| | * | |
| ************************************* | | |

*William L. Bruckner*, with whom was *Thomas M. Regan*, Bruckner Law Firm, APC, San Diego, California, for Plaintiff.

*Gregg Paris Yates*, with whom were *Benjamin C. Mizer,* Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.,* Director, and *Donald E. Kinner*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

OPINION AND ORDER ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WHEELER, Judge.[1]

This case presents the fundamental question of whether a government contractor's duty to continue performance under the standard "Disputes" clause is absolute, or whether the contractor is excused from that duty when the Government fails to provide reasonable clarification of a contract's scope of work upon request.

Plaintiff Vanguard Construction, Inc. ("Vanguard") challenges a decision by the U.S. Air Force ("USAF") to terminate for default a task order for replacement of the roof of Building 8451 located at Edwards Air Force Base in California. Vanguard claims that the termination for default was improper because completion of the roof was not possible

---

[1] Judge Wheeler received this case by transfer from Judge Block on June 5, 2015.

after discovery of a latent defect in the existing stem wall or parapet around the perimeter of the roof. Vanguard further maintains that the Government failed to cooperate with it in its requests for information needed to devise a solution to the problem. The sole relief sought by Plaintiff is a conversion of the default termination into a termination for convenience. Defendant has filed a motion for summary judgment in its favor, arguing that as a matter of law, the terms of the task order and related contract allocate to Vanguard, the risk of dealing with latent or unanticipated site conditions and the burden of devising a solution to the problem, without further input or assistance from the Air Force. Thus the Government maintains that as a matter of law, the default termination was justified because Vanguard did not complete the roof as required by the terms of the contract. The Court finds that genuine issues of material fact are presented in this case, and therefore, denies Defendant's motion for summary judgment.

## Background

In September 2007, Vanguard and the USAF entered into an Indefinite Delivery Indefinite Quantity contract for construction of roof replacement and repairs on designated buildings at Edwards Air Force Base. That contract incorporated by reference standard portions of the Federal Acquisition Regulation ("FAR") relevant to decision here. Def. Mot. Summ. J., App. A1-116. Pursuant to that contract, in December 2009 the USAF issued to Vanguard a request for proposal including a Statement of Work to repair the roof on Building 8451, id. at A117-124, and Plaintiff submitted a proposal that month, id. at A125-126. Thereafter, the USAF awarded Task Order No. 0037 for Building 8451 (the "task order") to Plaintiff in May 2010, and in August 2010, issued a Notice to Proceed. Id. at A129, 142. The Notice to Proceed called for the project to begin in September 2010 and to be completed by February 5, 2011. Id. at A143.

At the beginning of performance, Vanguard demolished and removed the existing gravel roof, which required also removing a portion of a metal storage structure sitting on top of the roof. Vanguard then submitted to the USAF a letter dated November 9, 2010 stating that the demolition had revealed that a sixty-foot section of the roof stem wall was missing. Id. at A144-145. The letter stated that "[t]he existing condition is incompatible with the specified roof system" and asked for direction on how to proceed including a request for information on structural requirements for building a stem wall and any modifications to the storage building, because the Statement of Work did not address this issue. A November 18, 2010 response from the USAF declared that the missing stem wall condition was visible prior to the recent roof demolition and should have been accounted for in Plaintiff's original proposal. The response was silent on Plaintiff's request for information. Id. at 147. Plaintiff replied in a November 22, 2010 letter, denying that the condition was visible prior to demolition, and reiterating its request for direction on structural and other issues related to design and building of the new portion of the stem wall. Pl. Corrected Opp'n to Def. Mot. Summ. J., App. BO146-147.

The parties apparently reached an impasse. Although there was correspondence between them in the five months before the USAF issued a Notice of Default, the Air Force never provided the information sought by Vanguard.  Rather, Defendant continued to maintain that this problem was within the scope of the original roofing task order.  Plaintiff completed approximately eighty-five to ninety percent of the installation of the new roof by the end of December 2010, leaving undone the roofing near the missing stem wall, which it continued to maintain was incompatible with the roofing system being installed. In January 2011, Vanguard "demobilized" from the project site, claiming that there was no more work able to be completed.  In May 2011, the USAF issued to Vanguard a Notice of Default and terminated the task order.  Compl. Ex. A.  The Notice of Default cited Plaintiff's failure to comply with its duty to proceed with performance pending resolution, as required by the contract's "Disputes" clause (incorporating FAR § 52-233-1(i)).

Discussion

As noted, the question presented in this case is whether Plaintiff's failure to complete the roofing contract was excused by the Air Force's failure to provide reasonable clarification of the scope of work, and whether the termination for default should be converted to a termination for convenience.  The Government argues that the contract and task order "placed the responsibility for inspection of the project site, assessment of work, and determination of means and methods of performance upon Vanguard." Def. Mot. Summ. J. 2.  Defendant further argues that the stem wall deficiency was visible at the time the task order was issued, but also maintains that Vanguard was responsible even if the stem wall problem had not been visible at that time, and that Vanguard had a duty to proceed with performance.  Def. Corr. Reply Br. 2.  Plaintiff maintains on the other hand, that latency of the condition at the outset excuses its failure to address the issue at that time, and further, that its failure to complete the roof was justified by the Government's refusal to provide guidance and the design and building specifications necessary to remedy the defect.

The "Disputes" clause governing the contract and task order, FAR 52-233-1(i), requires a contractor to "proceed diligently with performance" while a dispute awaits resolution.   By its terms the contractor's duty seems to be absolute, compelling performance regardless of the obstacles encountered.  However, a contractor is not always obligated to continue performance if the decision to stop work is warranted by the particular facts.  See, e.g., PBI Elec. Corp. v. United States, 17 Cl.Ct. 128, 134-35 (1989) ("The factual issue before the court then is whether, as plaintiff has asserted, additional information was necessary to continue performance . . . . [and]  [T]he gravamen of the court's inquiry . . . is the reasonableness of the Government's action considering all the circumstances.").   See also Seven Sciences, Inc., ASBCA No. 21079, 77-2 BCA ¶ 12,730 at 61,877 (Government breached its implied warranty of adequacy of the design

specifications when it failed to respond to numerous requests for necessary information, and failed to consider a redesign proposal where the original design was defective); Remm Co., ASBCA No. 18430, 18545, 74-2 BCA ¶ 10,876 at 51,767 (Contractor "could not reasonably be expected to proceed with the rework . . . . [t]he Army's response that the problem was [the contractor's] was not reasonable."); Ralph C. Nash, Jr. and Steven W. Feldman, Government Contract Changes § 6:9 (discussing exception to contractor's duty to proceed where reasonable clarification request is unanswered by Government).

Summary judgment is appropriate when there is no genuine dispute as to any issue of material fact, and the movant is entitled to judgment as a matter of law. RCFC 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A fact is "material" if it might significantly alter the outcome of the case under the governing law. Anderson at 248. In determining the propriety of summary judgment, a court will not make credibility determinations, and will draw all inferences in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

In this case there are at least two clearly disputed facts material to Plaintiff's justification argument. The Government claims (and Plaintiff denies) that the state of the stem wall was visible before Vanguard submitted its proposal. This fact is material because the default provision in the contract limits a default finding where delay "arises from unforeseeable causes beyond the control" of the contractor. FAR § 52.249-10(b)(1). The second issue is whether the additional information repeatedly requested by Plaintiff was actually necessary to address the stem wall deficiency. The Defendant argues that adaptation of part of a stem wall for use in roofing would be part of a roofing plan and requires no further knowledge of the building itself. Plaintiff disputes this, maintaining that because a stem wall is part of the building structure with separate design issues, it is not normally part of a roofing project, and it could not proceed without the information and advice requested from Defendant. Clearly, resolution of each of these fact disputes is material to determining the reasonableness of the parties' conduct in this matter.

### Conclusion

Because there remain material facts to be determined, Defendant's motion for summary judgment is DENIED. The Court requests the parties to submit a joint status report within 14 days, on or before September 22, 2015, providing a proposed schedule for the next steps in this case.

IT IS SO ORDERED.

                                            s/Thomas C. Wheeler
                                            THOMAS C. WHEELER
                                            Judge